# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

Karim A. MUHAMMAD )

    **Plaintiff**

                              )      **Case 2:08-cv- 771 - WHA**

**v.**                        )

                              )      **Demand for Jury Trial**

**HOMECOMINGS FINANCIAL,** )
**LLC, a Delaware limited** )
**liability company** )
                              )

    **Defendant**              )

## COMPLAINT

### I.      Introduction

1.     This is a complaint to recover damages arising from violation by the Defendant of the Fair Debt Collection Practices Act in attempting to collect the Plaintiff's home mortgage debt.

### II.     Jurisdiction

2.     This Court has jurisdiction by virtue of 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391 because the Plaintiff resides in Montgomery County, Alabama, and a substantial part of the events or omissions giving rise to the claim occurred, and the property

involved is located, in Montgomery County, Alabama, within the jurisdiction of the United States District Court for the Middle District of Alabama.

### III.   Parties

3.     Plaintiff is a resident citizen of Montgomery County, Alabama, who resides at 1686 Ridgeland Farms Road, Montgomery, AL 36105.

4.     Defendant is a Delaware limited liability company with its principal place of business in Minnesota, doing business within the limits of the Middle District of Alabama. Its business is financial services.

### IV.   Facts

5.     On or about February 8, 2007, Plaintiff executed a note and mortgage on his home, located in Montgomery County, Alabama, with payments on the note to begin on March 1, 2007.

6.     On March 2, 2007, Plaintiff remitted $11,261.35 to pay the amounts due March 1, April 1, May 1, June 1 and July 1, 2007.

7.     Plaintiff directed the remittance to Choice Capital Funding, Inc., in accordance with instructions received at closing.

8.     By letter dated March 13, 2007, Defendant notified Plaintiff that Defendant was his new mortgage servicer and future payments should be made to it.

9.    In accordance with instructions contained in the Defendant's letter of March 13, 2007, Plaintiff, having paid his payments through July, made his August payment on August 9, 2007, to Defendant.

10.    By letter dated August 15, 2007, Defendant advised Plaintiff that his account was $9,427.55 in arrears, when, in fact, all payments were made.

11.    Plaintiff timely notified Defendant that he protested any deficiency.

12.    Having paid his payments for March through August, 2007, Plaintiff made his September payment on September 14, 2007, to Defendant.

13.    Defendant acknowledged Plaintiff's protest of any deficiency by letter dated October 8, 2007, and advised it would respond within twenty (20) days.

14.    Having paid his payments for March through September, 2007, Plaintiff, despite having no written response to his protest, made his October payment on October 14, 2007, to Defendant.

15.    Rather than cashing Plaintiff's check in October as it had done in August and September, Defendant rejected payment and returned the check, advising that "[t]hese funds do not represent the full amount due to reinstate your account at this time."

3

16.    Defendant placed the account with counsel for foreclosure.

17.    On November 26, 2007, Defendant, by letter, accelerated the note and demanded payment in full.

18.    On November 29, 2007, it published notice of foreclosure in the Montgomery *Independent,* a newspaper published in Montgomery County, Alabama.

19.    After Plaintiff continued to protest the actions of Defendant, it cancelled the foreclosure, but made no effort to correct information obtained by credit reporting agencies or to correct its records regarding the status of Plaintiff's account.

20.    Subsequently, Defendant sold Plaintiff's account to yet another servicer, Aurora Loan Services.

21.    Within the twelve (12) months preceding the filing of this complaint, Defendant falsely represented the legal status of Plaintiff's debt by, among other prohibited acts, publishing notice of foreclosure claiming that Plaintiff's debt was in default, when, in fact, Plaintiff's debt was not in default.

22.    Within the twelve (12) months preceding the filing of this complaint, Defendant, among other prohibited acts, falsely represented the

legal status of Plaintiff's debt by publishing information to various credit reporting agencies that Plaintiff defaulted on his debt.

23.     Within the twelve (12) months preceding the filing of this complaint, Defendant communicated or threatened to communicate that Plaintiff's debt was in default, information that it knew to be false, and failed to communicate that Plaintiff disputed the fact that the debt was in default.

24.     As a consequence of Defendant's improper actions described herein, Plaintiff suffered a loss of credit that directly affected his ability to operate his business in an efficient manner causing him loss of income and incurred expenses of counsel to communicate with Defendant in an attempt to resolve the dispute, as well as other direct adverse consequences.

25.     As a consequence of Defendant's improper actions described herein, Plaintiff suffered additional damages equal to or exceeding $1,000 described in 15 U.S.C. §1692k(a)(2)(A).

26.     Should Plaintiff prevail in his claim for damages, he also claims reasonable litigation costs incurred in connection with this court proceeding as provided in 15 U.S.C. §§1692k(a)(3).

## V.    Claim for Relief

WHEREFORE, Taxpayer claims actual damages in the amount of $50,000 arising from the improper acts of Defendant, plus additional damages in the amount of $1,000, and attorneys' fees, expenses and costs.

*James M. Sizemore Jr.*

JAMES M. SIZEMORE, JR. (SIZ001)
Attorney for Plaintiff
6732 Highway 63, South
Alexander City, AL  35010
256/409-1985; Fax 256/409-1987
jamessizemore@charter.net

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury of all the issues in this cause.

*James M. Sizemore Jr.*

JAMES M. SIZEMORE, JR., Attorney